10 U.S. 327
 6 Cranch 327
 3 L.Ed. 238
 THE SCHOONER JULIANA
v.
THE UNITED STATES.
THE SHIP ALLIGATOR
v.
THE UNITED STATES.
 February Term, 1810
 
 1
 THESE were appeals from the sentence of the circuit court for the district of Maryland, affirming the sentence of the district court, which condemned the schooner Juliana, and the ship Alligator and cargo, for a supposed violation of the 3d section of the act of congress of the 9th of January, 1808, entitled 'An act supplementary to the act, entitled an act laying an embargo on all ships and vessels in the ports and harbours of the United States,' by putting goods from the Juliana on board the Alligator.
 
 
 2
 The libel, in the case of the Juliana, stated, that on the first of January, 1808, she, being a Swedish vessel, cleared from Baltimore for Port au Prince, having on board 100 barrels of herrings, which were on board when her master was notified of the embargo; that she proceeded on her voyage to her port of destination, but before she left Patapsco river, there were laden on board of her a complete cargo of merchandise, foreign and domestic, with which she proceeded, in prosecution of her said voyage, until the 1st of January, 1808, when she was arrested by the officer of the customhouse of the port of Baltimore, and brought back; after which, and while she was in that port, viz. the 11th of January, 1808, sundry goods, described in the libel, were taken and removed from the Juliana and put on board the Alligator, then lying in the port of Baltimore, 'contrary to the provisions of the statutes of the said United States, in such case made and provided, and with intent to violate the provisions of the said statutes, for which cause she was seized by the collector of that port as forfeited. The libel in the case of the Alligator was a copy of that against the Juliana.
 
 
 3
 The words of that part of the 3d section of the act of January 9, 1808, vol. 9. p. 11. upon which these libels were founded, are as follows:
 
 
 4
 'And be it further enacted, that if any ship or vessel shall, during the continuance of the act to which this act is a supplement, depart from any port of the United States without a clearance or permit; or if any ship or vessel shall, contrary to the provisions of this act, or of the act to which this act is a supplement, proceed to a foreign port or place, or trade with or put on board of any other ship or vessel, any goods, wares or merchandise, of foreign or domestic growth or manufacture, such ships or vessels, goods, wares and merchandise, shall be wholly forfeited.'
 
 
 5
 Harper and Martin, for the appellants, contended
 
 
 6
 That the sentence ought to be reversed,
 
 
 7
 1. Because it appears from the libel that if any goods were put on board the Alligator, it was after the Juliana had been seized and brought back, and while the Alligator was at the wharl a perfect hulk, totally unfit to proceed on a voyage, and entirely passive as to any improper use made of her.
 
 
 8
 2. The libel does not charge that the goods put on board the Alligator were the same which were on board the Juliana when she was seized and brought back.
 
 
 9
 3. It does not charge that the owner of the Alligator had any knowledge of, or concern in, the business.
 
 
 10
 4. The evidence is insufficient to prove any cause of condemnation.
 
 
 11
 5. It is not averred that the goods were put on board the Alligator with intent to export them; which is the offence contemplated by the act.
 
 
 12
 6. The libel does not allege that the seizure was made within the district of the seizing officer; nor upon the water. It does not appear to be a case of admiralty jurisdiction.
 
 
 13
 The Attorney-General, on the next day, abandoned the causes as untenable.
 
 
 14
 Sentence reversed, and restitution ordered.